IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TERESA WILLIAMS-THORPE, | ) | |
| Register No. 86917, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4144-CV-C-SOW |
| | ) | |
| JEFFERSON CITY POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Teresa Williams-Thorpe, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are the Jefferson City Police Department and Detective Barret J. Wolters.

Plaintiff complains that Detective Wolters conducted an insufficient investigation that resulted in her being incarcerated for months on a probation violation for a forgery charge which has been nolle prosequied. Plaintiff claims the investigation was superficial, negligent and resulted in her being wrongly charged and incarcerated

On August 11, 2009, plaintiff was granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), on the basis of indigence, subject to modification, pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and 1915A require the court to screen prisoner cases and dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has on three or more prior occasions brought an action or appeal

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim on which relief may be granted, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims should be dismissed. The court stated, in <u>Clemmons v. Armontrout</u>, 477 F.3d 962, 966 (8th Cir. 2007),

> [t]herefore, where no evidence exists that the investigator acted in bad faith or "engaged in a conscious effort to suppress exculpatory evidence," the accused's due process rights have not been violated. <u>Villasana v. Wilhoit</u>, 368 F.3d 976, 980 (8th Cir. 2004) (internal quotations and citation omitted). Likewise, "[n]egligent failure to investigate other leads or suspects does not violate due process." <u>Wilson v. Lawrence County, Mo.</u>, 260 F.3d 946, 955 (8th Cir. 2001) (citing <u>Daniels v. Williams</u>, 474 U.S. 327, 334 (1980)). Even allegations of gross negligence fail to establish a constitutional violation. <u>Id.</u> "[O]nly <u>reckless</u> or <u>intentional</u> failure to investigate other leads offends a defendant's due process rights." <u>Id.</u> (emphasis added).

Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against her for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 2nd day of October, 2009, at Jefferson City, Missouri.

'

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3